### RULE AS TO ASSUMED RISK CAN BE CHANGED ONLY BY THE LEGISLATURE.

Circuit Court of Cuyahoga County.

THE CLEVELAND STEEL CASTINGS CO. v. ANTON LEWANDOWSKI.*

Decided, December 16, 1909.

*Master and Servant—Negligence—Assumed Risk.*

The rule of assumed risk is in force in Ohio until the Legislature changes it.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This case is here for a second time upon evidence differing but little from the evidence shown in the record of the former

---

*Affirmed without opinion, *Lewandowski* v. *Cleveland Steel Castings Co.*, 83 Ohio State, 505.

trial.    We then reversed a judgment in Lewandowski's favor be-cause of insufficient evidence to sustain it.    The opinion ren-dered in that case on March 23, 1907, points out that Lewandow-ski could not recover because, if the injury resulted from the insecure manner in which the flasks were piled, that was the fault of fellow-servants, the foreman not being shown to have given orders to pile them as they were piled, and if the flasks fell because of the improper sand foundation upon which they were piled, that was a risk which Lewandowski assumed, for it was open to his observation and he knew as much about it as any-body else.

The record this time seems to destroy the explanation of the accident suggested in the first trial that Manak pushed the flasks over upon Lewandowski, and brings home to the company knowledge of the insecure character of the sand foundation, which, by the way is not pleaded in the petition, but it nowise shows that Lewandowski did not know all about the nature of the sand with which and upon which he had worked for two months.    So long as the doctrine of assumed risk is the law in this state, the defendant in error can never fasten a liability upon the company, for the injury which he received.    Why the trial court did not direct a verdict in favor of the defendant at the close of plaintiff's evidence, in view of the law of the case as laid down heretofore, not only by this court, but by the Su-preme Court, we can not understand, and for error in that re-gard the judgment is reversed, and proceeding to render the judgment which should have been rendered upon the conceded facts of the case, judgment is entered in this court for the plaintiff in error.

Reversed and judgment for plaintiff in error.